**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RACHEL M. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-274 RLW |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed Social Security matter is before the Court on Plaintiff's Petition to Award Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B) (ECF No. 31).  Plaintiff seeks attorney's fees in the amount of $6,369.30, which amount is based on multiplying 32.8 hours of attorney time by a rate of $194.19 per hour.  Defendant filed a response that states the Commissioner has no objection to an award of attorney's fees under the EAJA in the amount of $6,369.30.  Defendant states that the award should be paid by the Social Security Administration, and the parties agree the award is payable directly to Plaintiff pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010).

The Court has reviewed Plaintiff's application for an award of fees and expenses under the EAJA, and concludes the statutory requirements are met.  By Memorandum and Order and Judgment of Remand dated September 10, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if she receives a "sentence four" remand.  See Shalala v. Schaefer,

509 U.S. 292, 295-96 (1993). Having determined that Plaintiff is a prevailing party, the Court must next determine whether the Defendant's position was substantially justified.

Pursuant to the EAJA, a prevailing party is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified[.]" 28 U.S.C. § 2412(d)(1)(A).  The Commissioner has the burden of proving that the initial denial of benefits was substantially justified. Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). The determination whether the Commissioner's position was substantially justified is a matter for the Court's discretion.  Pierce v. Underwood, 487 U.S. 552, 557-63 (1988). The Commissioner's position is considered substantially justified if it was "justified to a degree that could satisfy a reasonable person" in denying the request for benefits.  Id. at 556-66.  The Commissioner's denial of benefits may be substantially justified even though the denial was not supported by substantial evidence on the overall record.  Welter, 941 F.2d at 676.

On review of the record, the Court finds that the Commissioner's position was not substantially justified, and the Commissioner makes no effort to establish that it was.  The Court remanded this case after concluding the Administrative Law Judge's decision was not based on substantial evidence in the record as a whole, as the ALJ erred in affording only "some weight" to the medical source opinion of Plaintiff's treating neurosurgeon, did not support her credibility findings as to Plaintiff's testimony with good reasons and substantial evidence, and erred in determining Plaintiff's residual functional capacity because she omitted limitations identified by her treating neurosurgeon, which the vocational expert testified would preclude competitive employment.

The statute provides that attorney's fees may not be awarded in excess of $125.00 per hour—the maximum statutory rate under § 2412(d)(2)(A)—unless the Court finds an increase in

the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.   28 U.S.C. § 2412(d)(2)(A).   The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index.  Johnson v. Sullivan, 919 F.2d 503, 504, 505 (8th Cir. 1990).  In this case, Plaintiff's motion is accompanied by an itemized statement of attorney time includes citation to a source showing uncontested evidence of an increase in the cost of living during the relevant time period based on the Consumer Price Index.  The Court agrees with counsel that a cost of living increase is appropriate as requested.

Because Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds she is entitled to attorney's fees in the amount of $6,369.30 from the Social Security Administration.  The payment is properly made directly to Plaintiff.  See Ratliff, 560 U.S. at 593-94.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition to Award Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff Rachel M. Howard attorney's fees under the EAJA in the amount of Six Thousand Three Hundred Sixty-Nine Dollars and Thirty Cents ($6,369.30), subject to any pre-existing debt

Plaintiff owes the United States.  The check should be mailed to Plaintiff's counsel, Traci L. Severs, LLC, at P. O. Box 621, Manchester, Missouri 63021.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>16th</u> day of December, 2021.